UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS
UNION DEPOSIT FUND,

      Plaintiff,

vs.

HAL-MARK CEILING & PARTITION, INC.
and MARK JEFFRIES,

      Defendants.
_____/

Civil Action No.
04-CV-74388-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the court on plaintiff's motion for summary judgment. Defendants have filed a response brief and plaintiff has filed a reply. In addition, the parties have submitted supplemental briefs at the court's request.

Plaintiff Trustees of the Painters Union Deposit Fund commenced this action under the Employee Retirement Income Security Act ("ERISA") to collect allegedly delinquent fringe benefit payments. Defendants' obligation to make these payments allegedly arises under a collective bargaining agreement ("CBA") to which defendants and Painters District Council No. 22 of the International Brotherhood of Painters and Allied Trades ("Painters Union") are parties. Defendants deny liability on the grounds that the payments in question relate to work performed by T&M Interiors ("T&M") pursuant to a subcontract with defendants. While conceding that T&M employed the drywall finishers who worked the hours in question, plaintiff argues that defendants are nonetheless responsible for making the fringe benefit contributions because T&M was not a union

contractor during the entire period when the work was performed.

To obtain summary judgment, plaintiff must demonstrate that "there is no genuine issue as to any material fact and that [plaintiff] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court construes the facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The court is not persuaded that this case can be resolved on summary judgment. Construing the facts in the light most favorable to plaintiff, it is apparent that plaintiff could prevail at trial. The record contains evidence indicating that defendants did verify, prior to entering into the subcontract, that T&M was a party to the CBA. It also appears that T&M attempted to remit fringe benefit payments for some, if not all, of the hours its workers performed, but plaintiff rejected the payments on the grounds that the Painters Union had canceled the CBA with T&M. Whether under these circumstances defendants substantially performed under the contract, or breached, is an issue the court will resolve at trial, but not on summary judgment.

Additionally, it is clear that plaintiff seeks summary judgment based on an audit that included not only hours worked by T&M employees but also materials. Plaintiff acknowledges that the cost of materials should not have been included in the audit. While plaintiff offers to correct the audit by subtracting an around it believes represents the cost of materials, summary judgment may be granted only based on admissible evidence, not counsel's computations. Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that the trial in this matter shall commence on January 3, 2006, at 9:00 a.m.

|  |  |
|---|---|
| Dated:  December 6, 2005<br>Detroit, Michigan | _____s/Bernard A. Friedman_____<br>BERNARD A. FRIEDMAN<br>CHIEF UNITED STATES DISTRICT JUDGE |

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

_____/s/ Patricia Foster Hommel_____
Patricia Foster Hommel
Secretary to Chief Judge Friedman